Dear Mr. Williams:
I am in receipt of your request for an Attorney General's opinion concerning the obligations and responsibilities of the City of Baker School Board pursuant to LSA-R.S. 17:15 regarding the continued employment of a current employee or the hiring of a potential employee who has an active and pending criminal charge which is enumerated in LSA-R.S. 15:587.1(C).
Title 17 deals with general school law with Subpart A pertaining to the Board of Elementary and Secondary Education. LSA-R.S.17:15(A)(1), (2)(a), and (B) state the following in pertinent part concerning a criminal history review:
 A. (1) No person who has been convicted of or has pled nolo contendere to a crime listed in R.S. 15:587.1(C) shall be hired by a public or private elementary or secondary school system as a teacher, substitute teacher, bus driver, substitute bus driver, janitor, or a school employee who might reasonably be expected to be placed in a position of supervisory or disciplinary authority over school children unless approved in writing by a district judge of the parish and the district attorney. This statement or approval shall be kept on file at all times by the school and shall be produced upon request of any law enforcement officer. Also, not later than thirty days after its being placed on file by the school, the school principal shall submit a copy of the statement of approval to the state superintendent of education.
(2)(a) A city or parish school board shall dismiss:
 (i) Any permanent teacher who has supervisory or disciplinary authority over school children upon the final conviction of such teacher of any crime listed in R.S. 15:587.1(C), except R.S. 14:74, and any permanent teacher who has pled nolo contendere to any crime listed in R.S. 15:587.1(C), except R.S. 14:74, after a hearing held pursuant to the provisions of Part II of Chapter 2 of this Title.
 (ii) Any other school employee having supervisory or disciplinary authority over school children if such employee is convicted of or pleads nolo contendere to a crime listed in R.S. 15:587.1(C), except R.S. 14:74.
 (iii) The superintendent of schools of any school system dismissing an employee pursuant to the provisions of this Paragraph shall notify the state superintendent of education of the employee's dismissal not later than thirty days after such dismissal.
 B. The board shall establish, by regulation, requirements and procedures consistent with the provisions of R.S. 15:587.1 under which the school systems shall determine whether an applicant or employee has been convicted of or pled nolo contendere to crimes listed in R.S. 15:587.1(C), except R.S. 14:74. Included in this regulation shall be the requirement and the procedure for the submission of a person's fingerprints in a form acceptable to the Louisiana Bureau of Criminal Identification and Information prior to employment of such person. A person who has submitted his fingerprints to the Louisiana Bureau of Criminal Identification and Information may be temporarily hired pending the report from the bureau as to any convictions of or pleas of nolo contendere by the person to a crime listed in R.S. 15:587.1(C), except R.S.14:74.
* * *
LSA-R.S. 15:587.1, also referred to as the "Louisiana Child Protection Act," addresses criminal procedure concerning the protection of children, requiring the following in pertinent part:
 A. (1) As provided in R.S. 15:825.3, R.S. 17:15, Children's Code Article 424, and R.S. 46:51.2 and 1441.13, any employer or others responsible for the actions of one or more persons who have been given or have applied to be considered for a position of supervisory or disciplinary authority over children shall request in writing that the bureau supply information to ascertain whether that person or persons have been convicted of, or pled nolo contendere to, any one or more of the crimes listed in Subsection C. The request must be on a form prepared by the bureau and signed by a responsible officer or official of the organization making the request. It must include a statement signed by the person about whom the request is made which gives his permission for such information to be released.
* * *
 C. The crimes to be reported under this Section are those defined in:
 (1) R.S. 14:30, R.S. 14:30.1, R.S. 14:31, R.S. 14:41 through R.S. 14:45, R.S. 14:74, R.S. 14:78, R.S. 14:79.1, R.S. 14:80
through R.S. 14:86, R.S. 14:89, R.S. 14:89.1, R.S. 14:92, R.S. 14:93, R.S. 14:93.2.1, R.S. 14:93.3, R.S. 14:106, R.S. 14:282, R.S. 14:286, R.S. 40:966(A), R.S. 40:967(A), R.S. 40:968(A), R.S. 40:969(A), and R.S. 40:970(A) or convictions for attempt or conspiracy to commit any of those offenses.
* * *
These statutes apply when a school employee might reasonably be expected to be placed in a position of supervisory or disciplinary authority over school children. Additionally, LSA-R.S. 17:15
applies only when a person has been convicted of or has pled nolo contendere to a crime listed in LSA-R.S. 15:587.1(C). Therefore, in response to your inquiry, LSA-R.S. 17:15 does not impose an obligation on school boards in reference to the continued employment of a current employee or the hiring of a potential employee who has an active and pending criminal charge which is enumerated in LSA-R.S. 15:587.1(C), but has not been convicted of the same.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:___________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
CCF, Jr.:BCR:sc